IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CT-03180-D

**Stuart A. Middleton**,

        Plaintiff,

v.

**Patsy Chavis,** *et al.*,

        Defendants.

**Memorandum & Recommendation**

    Plaintiff Stuart A. Middleton, a state inmate proceeding *pro se*, commenced this action on July 20, 2015. This matter is currently before the court for the screening required by the Prison Litigation Reform Act ("PLRA"). For the following reasons, the undersigned recommends that Middleton's claims be DISMISSED.

    The PLRA requires courts to review, prior to docketing, actions filed by prisoners against governmental entities or officials. 28 U.S.C. § 1915A(a). The purpose of this review is to eliminate those claims that unnecessarily impede judicial efficiency and the administration of justice. The court must examine the pleadings, identify cognizable claims, and dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

    The court may dismiss a complaint as frivolous due to either legal or factual shortcomings. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A cause of action is legally frivolous if it is "based on an indisputably meritless legal theory and include[s] claims of infringement of a legal interest which clearly does not exist." *Adams v. Rice*, 40 F.3d 72, 75 (4th

1

Cir. 1994) (quotations omitted). A complaint is factually frivolous when its factual allegations are "fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (citations omitted).

Malicious suits are those that constitute an abuse of the judicial process. This abuse can take a number of forms: repeated filings of the same legally insufficient claims, *Ball v. Bristol City Sheriff's Dep't*, No. 7:10-CV-00350, 2010 WL 3199920, at *2 (W.D. Va. Aug. 12, 2010); knowingly submitting a pleading that contains demonstrably false factual statements, *Galeas v. Byrd*, No. 3:11-CV-543-RJC, 2011 WL 6370373, at *3 (W.D.N.C. Dec. 20, 2011) *aff'd*, 469 F. App'x 236 (4th Cir. 2012); filing claims that are duplicative of pending litigation, *Pittman v. Moore*, 980 F.2d 994, 994–95 (5th Cir. 1993); or submitting a pleading that contains threats or demeans the court, *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

A complaint fails to state a claim upon which relief may be granted if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Supreme Court has explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Middleton's status as a *pro se* party relaxes, but does not eliminate, the requirement that his complaint contain facially plausible claims. The court must liberally construe a *pro se* plaintiff's allegations, but it "cannot ignore a clear failure to allege facts" that set forth a cognizable claim. *Johnson v. BAC Home Loans Servicing, LP*, 867 F. Supp. 2d 766, 776 (E.D.N.C. 2011).

Finally, the court may dismiss a complaint if it seeks monetary relief from a defendant who is immunized from liability for monetary damages. This immunity can take any number of forms, including, but not limited to, immunity under the Eleventh Amendment, *see Bd. of Trs. of*

2

*Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001), or common-law doctrines such as judicial, legislative, and prosecutorial immunity, *see Pierson v. Ray*, 386 U.S. 547, 553–55 (1967).

Middleton contends that defendants "continue to deny me reasonable accommodations via the [Americans with Disabilities Act ("ADA")] by denying me possession of a second pair of eyeglasses as back ups in case of breakage while participating in . . . approved recreational activities . . . [and] work assignments." Compl. at 3, D.E. 1. The exhibits attached to Middleton's complaint indicate that the institution where he is incarcerated only permits one pair of eyeglasses per inmate. Pl. Ex. at 9, D.E. 1-1. However, Middleton has been notified that, should his eyeglasses "become broken, they will be replaced as quickly as possible." *Id.*

Title II of the ADA provides that, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Similarly, section 504 of the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). Due to the similar statutory language in the ADA and Rehabilitation Act, the acts generally are construed to impose the same requirements. *See, e.g.*, *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 498 n.17 (4th Cir. 2005); *Baird ex rel. Baird v. Rose*, 192 F.3d 462, 468 (4th Cir. 1999); *Doe v. Univ. of Md. Med. Sys. Corp.*, 50 F.3d 1261, 1264–65 & n.9 (4th Cir. 1995). Moreover, the acts apply to state prisons. *See, e.g.*, *Pennsylvania Dept. of Corr. v. Yeskey*, 524 U.S. 206, 210 (1998); *Spencer v. Earley*, 278 F. App'x 254, 259 (4th Cir. 2008) (unpublished).

A plaintiff seeking recovery for violation of either statute must allege that: (1) he has a disability; (2) he is otherwise qualified for the benefit(s) in question; and (3) he was excluded from participation in or denied the benefits of such service, on the basis of her disability. *See, e.g.*, *Constantine*, 411 F.3d at 498; *Baird*, 192 F.3d at 467–70; *Doe*, 50 F.3d at 1264–65. A physical condition may qualify as a "disability" within the meaning of the ADA and Rehabilitation Act if the condition "substantially limits one or more major life activities." 42 U.S.C. § 12102; 29 U.S.C. § 705(20)(B). A plaintiff must prove (1) that he has a physical or mental impairment; (2) that this impairment implicates at least one major life activity; and (3) that the limitation is substantial. *See, e.g.*, *Heiko v. Colombo Sav. Bank, F.S.B.*, 434 F.3d 249, 254 (4th Cir. 2006). Middleton's allegations fail to make the requisite showing that he has a disability. *See, e.g.*, *Brown v. DeFrank*, No. 06 CIV 2235 AJP, 2006 WL 3313821, at *28 (S.D.N.Y. Nov. 15, 2006) (unpublished). Moreover, his allegations also fail to demonstrate that he was excluded from participation in denied the benefit of any service. Indeed, the face of Middleton's complaint clearly indicates that he participates in numerous "D.P.S. approved recreational activities . . . [and] work assignments." Compl. at 3, D.E. 1. Furthermore, Middleton has been provided with a pair of eyeglasses, and has been notified that they will be replaced if they break.

For these reasons, the undersigned recommends that Middleton's claims be DISMISSED. The court directs that the Clerk of Court serve a copy of this Memorandum and Recommendation on plaintiff. Plaintiff shall have until 14 days after service of the Memorandum and Recommendation on plainitff to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to

4

which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If plaintiff does not file written objections to the Memorandum and Recommendation by the foregoing deadline, plaintiff will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, plaintiff's failure to file written objections by the foregoing deadline will bar plaintiff from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, **766 F.2d 841, 846–47 (4th Cir. 1985).**

Dated: April 11, 2016

*Robert T. Numbers II*
_____
ROBERT T. NUMBERS, II
UNITED STATES MAGISTRATE JUDGE

5

Case 5:15-ct-03180-D   Document 12   Filed 04/12/16   Page 5 of 5