IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CT-3180-D

| | |
|---|---|
| STUART A. MIDDLETON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| PATSY CHAVIS, et al., ) | |
| ) | |
| Defendants. ) | |

Stuart A. Middleton ("Middleton" or "plaintiff") is a myopic state prisoner who believes that the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et seq. requires defendants to provide him with two sets of prescription eyeglasses as a reasonable accommodation. See Compl. [D.E. 1] 3–5. On April 12, 2016, Magistrate Judge Numbers issued a Memorandum and Recommendation ("M&R") recommending that the court dismiss Middleton's complaint for failure to state a claim upon which relief can be granted [D.E. 12]. On May 2, 2016, Middleton filed objections to the M&R [D.E. 13]. Since filing his objections, Middleton also has filed two motions for a preliminary injunction [D.E. 16, 17].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted). The court need

not conduct a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); Wells v. Shriners Hosp., 109 F.3d 198, 200–01 (4th Cir. 1997). "Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only those portions of the report or specified proposed findings or recommendations to which objection is made." United States v. Midgette, 478 F.3d 616, 621 (4th Cir. 2007).

The court has reviewed the M&R, the record, and Middleton's objections. In his complaint, Middleton concedes that defendants provided him a pair of prescription eyeglasses to address his myopia, but asserts that defendants violated the ADA "by denying [him] possession of a second pair of eyeglasses as back ups in case of breakage while participating in . . . approved recreational activities . . . [and] work assignments." Compl. [D.E. 1] 3. Instead of providing Middleton an extra pair of prescription eyeglasses, defendants told Middleton that they would expeditiously replace his prescription eyeglasses if he broke his first pair. See id. 3–5; M&R 3. Because defendants have not provided him with a second pair of prescription eyeglasses, Middleton refuses to participate in recreational activities and work assignments "out of fear of breaking the only pair of eye glasses in his possession . . . [because he] simply can not afford to be without a pair of prescription eyeglasses for any amount of time." Pl's. Ex. A [D.E. 13-1] 7.

In the M&R, Judge Numbers determined that Middleton failed to state a claim for relief and recommended dismissing Middleton's complaint. See M&R 3–5. Middleton's objections

2

largely reiterate the claims presented in his complaint. Specifically, Middleton states that he "suffers with a degenerative condition of (myopia) severe nearsightedness and can not be without visual aids for any length of time." Objs. [D.E. 13] 1. Accordingly, he believes that the ADA requires defendants to provide him two pairs of prescription eyeglasses as a reasonable accommodation. See id.

The court agrees with the legal conclusions in the M&R. Middleton has failed to state a claim under the ADA or the Rehabilitation Act. See, e.g., Goodman v. Johnson, 524 F. App'x 887, 890 (4th Cir. 2013) (per curiam) (unpublished); Thomas v. Penn Dept. of Corr., 615 F. Supp. 2d 411, 424–25 (W.D. Pa. 2009).

In sum, the court OVERRULES Middleton's objections [D.E. 13] and adopts the conclusions in the M&R [D.E. 12]. Middleton's complaint is DISMISSED. In light of this determination, Middleton's pending motions for a preliminary injunction [D.E. 16, 17] are DENIED.

SO ORDERED. This 15 day of December 2016.

JAMES C. DEVER III
Chief United States District Judge

3

Case 5:15-ct-03180-D   Document 23   Filed 12/15/16   Page 3 of 3